UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PAMELA DELAP & RONALD DELAP,

                Plaintiffs,

    -against-                                1:21-CV-0847 (LEK/CFH)

JUDGE MICHAEL MACKEY, *et al.*,

                Defendants.

## DECISION AND ORDER

## I.      INTRODUCTION

Plaintiffs Pamela and Ronald Delap bring this pro se action against Defendants Judge

Michael Mackey, Judge Gerald Connolly, Judge Justin Corcoran, Judge Eugene Devine, Jordan

Pine, David Cabaniss, Zachary Mattison, Michael Serseloudi, DDS, Aspen Dental Management,

Inc., Aspen Dental of Upper Hudson Valley, and Caitlin Insurance Company (collectively,

"Defendants"). See Dkt. No. 1 ("Complaint"). On July 28, 2021, Plaintiffs filed their Complaint,

a motion for leave to proceed in forma pauperis, Dkt. No. 2 ("IFP Application"), and a motion to

appoint counsel, Dkt. No. 3. See Docket. On September 15, 2021, the Honorable Christian F.

Hummel, United States Magistrate Judge, granted the IFP Application, denied the motion to

appoint counsel, and recommended that Plaintiffs' Complaint be dismissed with prejudice and

without opportunity to amend. See Dkt. No. 6 ("Report-Recommendation") at 23. Plaintiffs

timely filed an objection to the Report-Recommendation. See Dkt. No. 9 ("Objection"). For the

reasons discussed below, the Court adopts the Report-Recommendation with amendments.

## II.   BACKGROUND

### A.  Factual History

Plaintiffs' factual allegations are detailed in Judge Hummel's Report-Recommendation, familiarity with which is assumed. See R. & R. at 5–12.

### B.  Report-Recommendation

In his Report-Recommendation, Magistrate Judge Christian Hummel recommended that Plaintiff's Complaint be dismissed because it was largely barred by the Rooker-Feldman doctrine, and to the extent that claims were not barred by Rooker-Feldman, they were not sufficient to establish the Court's jurisdiction. See id. at 12–18. Furthermore, Judge Hummel noted that judicial immunity may bar claims against some of the Defendants. See id. at 18–19.

## III.   LEGAL STANDARD

### A.  Review of a Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); see also L.R. 72.1(c). A court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. See Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); see also Demuth v. Cutting, No. 18-CV-789, 2020 WL 950229, at *2 (N.D.N.Y. Feb. 27, 2020) (Kahn, J.). "[I]t is established law that a district judge will not

consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Zhao v. State Univ. of N.Y., 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) (internal quotation marks and citation omitted); see also Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

**B.  Motion to Appoint Counsel**

28 U.S.C. § 1915(e) authorizes the courts to "request an attorney to represent any person unable to afford counsel." "When deciding whether to appoint *pro bono* counsel, however, a court must give deference to the limited resources available to serve the interests of the many indigent litigants who pursue claims before it . . . and should therefore not grant such applications indiscriminately but instead must exercise sound judgment and restraint when doing so." Vasquez v. Whitney, No. 16-CV-0623, 2018 WL 4702063, at *5 (N.D.N.Y. Sept. 28, 2018) (Kahn, J.) (internal citations omitted). In addition, a number of factors must be considered before a court can undertake such an action:

> [A court] should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why

> appointment of counsel would be more likely to lead to a just
> determination.

Hodge v. Police Officers, 802 F.2d 58, 61–62 (2d Cir. 1986). None of those individual factors is

controlling, however, and "'each case must be decided on its own facts.'" Velasquez v. O'Keefe,

899 F. Supp. 972, 974 (N.D.N.Y. 1995) (quoting Hodge, 802 F.2d at 61).

## IV.   DISCUSSION

### A.  The Report-Recommendation

Here, an objection was raised in the allotted time with respect to Magistrate Judge

Hummel's Report-Recommendation. For purposes of review of the Report-Recommendation and

in consideration of Plaintiffs' pro se status, the Court will undertake a de novo determination.

Plaintiffs contend that the Magistrate Judge erred in concluding that the Rooker-Feldman

doctrine barred their claims. See Objection at 1–2. Furthermore, Plaintiffs dispute the

applicability of judicial immunity. See id. at 12, 15–16.

The Courts begins by noting that it "must determine whether it has subject matter

jurisdiction before proceeding to evaluate the merits of a plaintiff's cause of action." Borenkoff

v. Buffalo Wild Wings, Inc., No. 16-CV-8532, 2018 WL 502680, at *2 (S.D.N.Y. Jan. 19, 2018).

Generally, federal courts may only exercise subject matter jurisdiction if a complaint raises a

federal question, 28 U.S.C. § 1331, or if the plaintiff and defendant have diverse citizenship and

the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Even if subject matter jurisdiction

is present, the Court may still not be able to exercise jurisdiction because of the Rooker-Feldman

doctrine.[1] See Andrews v. Citimortgage, Inc., No. 14-CV-1534, 2015 WL 1509511, at *4–*6

---

[1]  The Rooker-Feldman doctrine bars "federal courts from exercising jurisdiction over
claims 'brought by state-court losers complaining of injuries caused by state-court judgments

(E.D.N.Y. Mar. 31, 2015). Thus, in this case, the Court should first determine whether subject

matter jurisdiction is present before determining whether the Rooker-Feldman doctrine bars

jurisdiction in this action. The Magistrate Judge, however, first determined that the Rooker-

Feldman doctrine barred most of Plaintiffs' claims, and then it determined that subject matter

jurisdiction was not present over the remaining claims. See R. & R. at 12, 15–18.

### 1. Subject-Matter Jurisdiction - Federal Question

When viewed in the light most favorable to Plaintiffs, their Complaint does not cite any

federal law except for passing references to 18 U.S.C. §§ 241–42. Compl. at 12. "Courts have

found that there is no federal question jurisdiction when a private party brings federal criminal

claims for which there is no private right of action." Cain v. U.S. Bank, Nat'l Ass'n, No. 20-CV-

5034, 2021 WL 3884196, at *3 (E.D.N.Y. Aug. 31, 2021); see also Limtung v. Thomas, No.

19-CV-3646, 2019 WL 6253815, at *3 (E.D.N.Y. Nov. 21, 2019) ("Title 18 of the United States

Code encompasses laws on crimes and criminal procedure, and there is no private right of action

for violations of a criminal statute. Accordingly, the Court does not appear to have federal

question jurisdiction over this action." (internal quotations and citations omitted)). Moreover, in

their Complaint, Plaintiffs contend that the federal courts have jurisdiction to hear their claim

because their "civil rights were violated and the NYS AG attorneys mentioned told me I needed

to go to Federal court as the State would not be acceptable to my complaint and they would have

to represent the Judges, even though they stated clearly, Judge Hartman is a good judge, but

could not state to me that about the others." Compl. at 12. If "[s]imply raising a federal issue in a

---

rendered before the district court proceedings commenced and inviting district court review and
rejection of those judgments.'" Sykes v. Mel S. Harris and Assoc. LLC, 780 F3d 70, 94 (2d Cir.
2015) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

complaint will not automatically confer federal question jurisdiction," Perpetual Sec., Inc. v.

Tang, 290 F.3d 132, 137 (2d Cir. 2002), then the same can be said about vague references to

"civil rights." Since federal law does not create the cause of action nor does Plaintiffs' relief

depend on the resolution of a "substantial question of federal law," id., the Court finds that there

is no federal question present at this time. Of course, there are federal civil rights statutes that

Plaintiff could potentially allege in an amended complaint, but Plaintiff must explain how they

apply.

### 2. Subject-Matter Jurisdiction - Diversity Jurisdiction

Diversity jurisdiction requires "complete" diversity; no adverse parties may be citizens of

the same state. Gaffney ex rel. Molloy v. Animas Corp., No. 13-CV-1359, 2014 WL 2106258, at

*1 (N.D.N.Y. May 20, 2014) (internal citations omitted) (Kahn, J.). The Court is not convinced

that "complete" diversity is present in this case because Plaintiffs are citizens of New York, and

they are suing New York State judges and corporations who likely maintain New York as a place

of business (e.g., Aspen Dental of Upper Hudson Valley). See id. ("[A] corporation is a citizen of

any state in which it is incorporated, as well as the state where it maintains its principal place of

business.") (internal citations omitted). Even if Plaintiffs are able to establish "complete"

diversity, Plaintiffs did not allege whether the amount in controversy exceeds $75,000.

Thus, the Court lacks subject matter jurisdiction and need not address the Rooker-

Feldman doctrine or judicial immunity. Because the Court lacks subject matter jurisdiction,

however, it cannot dismiss the Complaint with prejudice. Hernandez v. Conriv Realty Assocs.,

182 F.3d 121, 123 (2d Cir. 1999) ("Article III deprives federal courts of the power to dismiss a

case with prejudice where federal subject matter jurisdiction does not exist."). Normally, the

Court could deny leave to amend if there are jurisdictional defects that could not be cured by an

amendment. See Rogers v. Clinton, No. 19-CV-175, 2019 WL 3469462, at *5 (N.D.N.Y. Apr. 1,

2019) (dismissing without prejudice for lack of subject matter jurisdiction, but denying leave to

amend) report and recommendation adopted, 2019 WL 3454099 (N.D.N.Y. July 31, 2019)

(Kahn, J.); Koso v. Haegele, No. 18-CV-4400, 2018 WL 6531496, at *3 (E.D.N.Y. Dec. 11,

2018) (same). This is not one of those situations and Plaintiff should be afforded at least one

chance to amend the Complaint. See Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002)

(internal quotation marks and citation omitted).

### B. Motion to Appoint Counsel

At this preliminary stage, even if the Court were to assume that Plaintiffs' position seems

likely to be of substance, the relevant factors weigh decidedly against granting Plaintiff's motion

at this time. For example: (1) the case does not present novel or complex issues; (2) it appears to

the Court as though, to date, Plaintiff has been able to effectively litigate this action; and (3) if

this case survives any dispositive motions filed by Defendants, it is highly probable that the

Court will appoint trial counsel at the final pretrial conference. For the first time in their

Objection, Plaintiffs contend that they are entitled to an attorney as a reasonable accommodation

under the Americans with Disabilities Act. See Objection at 10–11. Since Plaintiffs did not raise

this argument before the Magistrate Judge, the Court need not address this newly raised

argument. Thus, Plaintiff's motion for appointment of counsel is denied without prejudice.

### V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 6) is **APPROVED and ADOPTED** as modified by this opinion; and it is further

**ORDERED**, that the Court **DISMISS WITHOUT PREJUDICE and WITH LEAVE TO AMEND** Plaintiff's Complaint (Dkt. No. 1); and it is further

**ORDERED**, that Plaintiff's motion to appoint counsel (Dkt. No. 3) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that in the event Plaintiff fails to file an amended complaint **within thirty (30) days** of the filing date of this Order, the Clerk shall enter judgment dismissing this action due to Plaintiff's failure to comply with the terms of this Order, without further order of the Court; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**


DATED:     November 17, 2021
           Albany, New York




_____
Lawrence E. Kahn
U.S. District Judge


8