**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

PAMELA DELAP, RONALD DELAP,

                              Plaintiffs,

       v.                                              1:21-CV-0847 (LEK/CFH)

JUDGE MICHAEL MACKEY, et al.

                              Defendants.

---

**APPEARANCES:**

Pamela Delap
13 Sand Spurry Road
Ballston Spa, New York 12020
Plaintiff pro se

Ronald Delap
13 Sand Spurry Road
Ballston Spa, New York 12020
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION & ORDER**

**I.  Background**

Plaintiffs commenced this action on July 29, 2021, with the filing of a complaint and motion for leave to proceed in forma pauperis ("IFP"). See Dkt. Nos. 1 ("Compl."), 2. On September 15, 2021, the undersigned issued a Report-Recommendation & Order granting plaintiffs' IFP application and recommending that plaintiffs' complaint be dismissed with prejudice and without opportunity to amend. See Dkt. No. 6. On October 14, 2021, plaintiffs filed a letter requesting a six-month extension of time to file

objections to the Report-Recommendation & Order. See Dkt. No. 7. This Court denied plaintiffs' request for a six-month extension, but permitted plaintiffs until October 22, 2021, to file objections. See Dkt. Nos. 8, 9. On November 22, 2021, plaintiffs filed objections to the Report-Recommendation & Order. See Dkt. No. 9. On November 17, 2021, the District Judge, reviewing the Report-Recommendation & Order, adopted it as modified, dismissing the complaint in its entirety without prejudice and with opportunity to amend. See Dkt. No. 10. On November 29, 2021, plaintiffs requested a thirty-day extension of time to file an amended complaint. See Dkt. No. 11. The Court granted the extension request. See Dkt. No. 12. On January 3, 2022, plaintiffs filed a document purporting to be an amended complaint, titled "Answer to Decision & Order Dated November 17, 2021." See Dkt. No. 13. Presently pending before the Court is review of plaintiffs' purported amended complaint pursuant to 28 U.S.C. § 1915.

## II. Procedural History

In the September 15, 2021, Report-Recommendation & Order, the undersigned first recognized that the amended complaint did not meet the pleading standards of Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 8 – "it [did] not provide a short and plain statement of the Court's jurisdiction or a short and plain statement showing how plaintiffs are entitled to relief" – and 10 – it was "not organized into numbered paragraphs, limited to a single set of circumstances per paragraph." Dkt. No. 6 at 5, 12. Next, the undersigned concluded that the complaint was largely barred by the Rooker-Feldman doctrine and "the remaining claims do not suffice to establish this Court's jurisdiction." Id. at 12. The Court explained that the Rooker-Feldman doctrine

2

establishes that this Court "may not exercise appellate jurisdiction over state court judgments"; thus, "[t]o the extent plaintiffs seek review of the dismissal of their motion for leave to appeal, the Appellate Division's reversal of Albany County Supreme Court's decision, or this Court to address the same issues that were before these state courts," it is barred by the Rooker-Feldman Doctrine. Id. at 13. The undersigned noted that the two apparent remaining claims not barred by Rooker-Feldman would be claims of judicial misconduct against Judges Mackey, Devine, and Connolly and legal malpractice against Pine, but that such claims are state law claims. See id. at 15. The undersigned explained that plaintiffs failed to establish federal question jurisdiction through these remaining claims, and also failed to establish diversity jurisdiction, as all defendants were not citizens of a state other than New York. See id. at 15-16. Regardless, the undersigned further recognized that plaintiffs' legal malpractice claim would also appear barred by the statute of limitations, and plaintiffs' claims against the judges for judicial misconduct barred by judicial immunity.[1] See id. at 17-18. As plaintiffs failed to establish subject matter jurisdiction, the undersigned recommended that the Complaint be dismissed with prejudice and without opportunity to amend. See id. at 20.

The District Judge adopted the Report-Recommendation & Order "as modified." Dkt. No. 10. The District Judge agreed that plaintiffs have failed to establish federal question jurisdiction in their complaint. See id. at 6. The Court further noted, "[o]f course, there are federal civil rights statutes that Plaintiff could potentially allege in an amended complaint, but Plaintiff must explain how they apply." Id. at 6. The Court then reviewed whether plaintiffs established diversity jurisdiction, noting that "[t]he Court is

---

[1] The undersigned also concluded that claims against Judge Mackey's judicial law clerk, Mr. Corcoran, would also be barred by judicial immunity. Dkt. No. 6 at 19.

3

not convinced that 'complete' diversity is present in this case because Plaintiffs are citizens of New York, and they are suing New York State judges and corporations who likely maintain new York as a place of business[.]" Id.  The Court further noted that, even if plaintiffs were able to establish "'complete' diversity, Plaintiffs did not allege whether the amount on controversy exceeds $75,000." Id.  Thus, the Court concluded that plaintiffs also failed to establish diversity jurisdiction. Id.

Finally, the Court determined that because it "lacks subject matter jurisdiction" it "need not address the Rooker-Feldman doctrine or judicial immunity," but because of the lack of subject matter jurisdiction, it "cannot dismiss the Complaint with prejudice." Dkt. No. 10 at 6 (citing Hernandez v. Conriv Realty Assoc., 182 F.3d 121, 123 (2d Cir. 1999)).  The Court noted further that it "could deny leave to amend if there are jurisdictional defects that could not be cured by an amendment," and concluded that this case "is not one of those situations and Plaintiff should be afforded at least one chance to amend the complaint." Id. at 7.

### III.  Amended Complaint

Plaintiffs filed a document labeled "Answer to Decision and Order Dated November 17, 2021." Dkt. No. 13.[2]  Rather than file an amended complaint, it appears plaintiffs are attempting to file objections to the November 17, 2021, Decision & Order that adopted the September 15, 2021, Report-Recommendation & Order. See id.  Within this filing, plaintiffs express their desire for "oral discussions" and advise the Court that it does not "have a full understanding or accuracy of events." Dkt. No. 13 at

---

[2]  Document Number 13-1 is an identical copy of page 1 of Document Number 13.

4

1.  Plaintiffs quote the Court's November 17, 2021, Decision & Order, which stated that "there are federal civil rights statutes that Plaintiffs could potentially allege in an amended complaint, but [P]laintiff must explain how they apply." Dkt. No. 13 at 9 (quoting Dkt. No. 10 at 6).  Plaintiffs argue that, because they are proceeding pro se "and given a lack of time or by allowance of legal help even with a disability it is obvious that the law works both ways, and you can cite and Plaintiffs can cite, but each citation there is another to follow." Dkt. No. 13 at 9.  Plaintiffs continue, stating that they "always believed that the judicial process is due process in a court of law with a jury of twelve to decide the actions and citations of law; as a citizen of the United States and given many citations and explanations of how federal laws and rules apply, and knowing there are more but I cannot access due to physical and mental limitations is hardly what the law or constitution of the US represents."  Id. at 9.

  Plaintiffs appear to misunderstand the Court's meaning in making this statement.  It is the undersigned's understanding that, in so stating, the District Judge was recognizing that there was a possibility, even if slight, that there may be a constitutional claim that plaintiffs could raise on an amended pleading.  However, the Court was not suggesting that plaintiff's complaint, as pleaded, raised any valid constitutional claim; rather, it was stating that it was possible that in an amended pleading, plaintiffs might present such a claim.  Regardless of a plaintiff's pro se status, the plaintiff must be able to demonstrate this Court's subject matter jurisdiction.  Although this Court is tasked with reading a pro se plaintiff's pleadings liberally and must be "read to raise the strongest arguments they suggest, our cases have also indicated that we cannot read into pro se submissions claim that are not consistent with the pro se litigant's allegations

5

or arguments that the submissions themselves do not suggest . . . and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); McNeil v. United States, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by [pro se litigants] be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Further, plaintiffs appear to renew their request for appointment of counsel insofar as they indicate that "an attorney" was supposed to "assist with filing and these types of explanations, but he refused" due to an apparent fear that it would "hurt" his "[f]irm and future clients as Judges are involved." Id. Plaintiffs repeat their argument that "[w]hat Judge Mackey, Judge Corcoran, and Judge Connolly did was commit Fraud on and upon the court by stating false statements, perjury, and I was not allowed a mental evaluation, or to leave and get representation." Id. Plaintiffs express that the Court "failed to recognize that the Plaintiff Pamela Delap has a disability, a serious brain injury, and has been denied all rights . . . ." Dkt. No. 13 at 2.

Plaintiffs explain that they "disagree" with the Court's interpretation of the Rooker-Feldman doctrine, contending that the Court is improperly interpreting the doctrine to mean that "a State Judge or Federal attorney can commit any crime in the capacity of a Judge and it is excusable and I disagree." Dkt. No. 13 at 2. Plaintiffs suggest that the Court is "false[ly] represent[ing] the Rooker-Feldman doctrine by assuming that it "was created to protect Judges from any crimes in a courthouse" when, "instead, the doctrine completely goes against corrupt Judges using the law, their

6

authority, to commit such horrendous acts against the people." Id.  Plaintiffs state, "[a]re you telling me the Rooker Feldman Doctrine was created to allow Judges to participate in criminal acts in the court and they are immune.  If you are than [sic] do not stand behind this, come out and say it, 'say exactly what it is, a disabled woman makes false claims against three NYS Judges' Call me a liar." Id. at 3.

### III.  Discussion

Plaintiffs have failed to cure the defects identified in the September 15, 2021, Report-Recommendation & Order, adopted by the Court as modified in its November 17, 2021, Decision & Order.  Instead, plaintiffs' submission raises objections to the Report-Recommendation & Order and to the Decision & Order. See Dkt. No. 13.  Indeed, plaintiffs essentially raise the same arguments as they did in their objections to the Report-Recommendation & Order. See Dkt. No. 9.  Those objections were considered and rejected by this Court. See Dkt. No. 10.  To the extent the undersigned could interpret this filing as a motion to reargue the November 17, 2021, Decision & Order, such a motion must be reviewed by the District Judge.

Out of an abundance of solicitude, the undersigned will review the submission to the extent it can be construed as an amended complaint.  Although an amended complaint supersedes and replaces the original complaint in its entirety, and that it may not incorporate the original complaint by reference, plaintiffs do not replead all of the facts and claims of the original complaint.  Instead, plaintiffs refer to facts laid out in the original complaint, but do not replead them in this submission.  Indeed, the format makes clear that plaintiffs intend for the document to be further objections.  Plaintiffs

7

reference the report recommendation, contending, "Judge Hummel rushed to Judgement without examining the facts." Dkt. No. 13 at 5.  Although this submission, if interpreted as an amended complaint, supersedes and replaces the original complaint in its entirety, in light of the fact that plaintiffs are proceeding pro se, because plaintiffs have failed to replead all of the facts[3] in the purported amended complaint, the undersigned will consider the facts set forth in the original complaint in order to provide context to this subsequent submission.  See Shields v. Citytrust v. Bancorp., Inc., 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect."); see also N.D.N.Y. L.R. 7.1(a)(4) (noting that an amended complaint supersedes and replaces an original pleading in all respects and that "a party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference.").

      Under a heading entitled, "Subject Matter Jurisdiction – Federal Question," the purported amended complaint refers to Rule 26 of the Federal Rules of Civil Procedure, suggesting that "Disclosure of discovery must be provided to the Plaintiffs," referencing a "medical report from Malta Urgent Care Stating Plaintiff was not in mental capacity was never disclosed to Plaintiffs at all." Dkt. No. 13 at 7.  Plaintiffs state that "[a]s a pro se with no legal advice please keep in mind and with little time over the holidays, this is a skim of the surface but one that does give explanation of Federal Subject Matter." Id. at 8.

---

[3]  Plaintiffs' "Factual History" section does not lay out all of the facts and claims set forth in the original complaint, but makes reference to them or sets out the details in part, requiring the reader to be familiar with the claims made in the original complaint.  See Dkt. No. 13 at 4.

Rule 26 discusses required disclosures that must be made during the discovery process in a federal suit. See generally FED. R. CIV. P. 26. To the extent plaintiff is arguing that defendants are required, as part of this action, to provide discovery to plaintiffs, including this document from Malta Urgent Care, there is only a duty under the Federal Rules to provide such discovery when an action has been determined appropriate to proceed in this Court. If this Court does not have subject matter jurisdiction, the case cannot continue and there would be no requirement for defendants to provide discovery. Further, a procedural discovery rule, alone, does not provide an independent basis for this Court's jurisdiction. Plaintiffs fail to demonstrate subject matter jurisdiction through their citation to Fed. R. Civ. P. 26.

Plaintiffs summarily state, "[t]he seventh amendment and the 14th amendment apply to my claim." Dkt. No. 13 at 12. However, plaintiffs fail to even begin to articulate how these constitutional provisions apply. As this Court advised plaintiffs in its November 11, 2021, Decision & Order, "'simply raising a federal issue in a complaint will not automatically confer federal question jurisdiction'" nor does "vague references to 'civil rights.'" Dkt. No. 10 at 5-6 (quoting Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 137 (2d Cir. 2002)). The Seventh Amendment involves the right to a trial by jury and the Fourteenth Amendment involves due process rights. To the extent plaintiffs are attempting to invoke these constitutional amendments to argue that their case should proceed beyond the initial review stage and continue to trial in this Court, plaintiffs are advised that plaintiffs must still be able to demonstrate a prima facie case in order to be permitted to proceed. To the extent that plaintiffs are attempting to argue that the defendants somehow violated their Seventh and Fourteenth Amendment rights, the

submission does not provide any indication as to how these defendants violated the Seventh and Fourteenth Amendments.  <u>See</u> <u>generally</u> dkt. no. 13.  Further, as the undersigned has already concluded, this Court cannot review state court decisions in an appellate capacity, and plaintiffs cannot "overcome the doctrine and seek reversal of a state court judgment simply by casting [their] complaint in the form of a civil rights action."  Dkt. No. 6 at 16 (quoting <u>Rabinowitz</u>, 329 F. Supp. 2d at 376).

Plaintiffs next argue that "diversity jurisdiction is met by plaintiffs" because "Dr. Sereloudi in her own words on deposition states that she 'is not a citizen of the United States she is Romanian and dual with Greece is her citizenship status.'"  Dkt. No. 13 at 9.  Plaintiff further argues that the attorney defendants

> are federal (Mr. Mattison) works in other States so we assume he is incorporated as well, and licensed to practice federaly [sic] in other States. Mr. Pine is a firm that has Associates out of State and maintains practices outside of NYS to include Florida and Connecticut, and associates out of State are assumed attorneys as we was referred from an associate who lives out of State.  The Judges would have to be deposed to find out of they are of dual citizenship or other State residency or were practicing law in other States as we know Judge Corcoran was representing Aspen for 16 years a company that has National offices many and out of State, regardless of NYS citizenship the law states this State Diversity Citizenship can be challenged for other reasons under law.

Dkt. No. 13 at 9.

Plaintiffs misunderstand diversity jurisdiction.  That an attorney is licensed to practice in New York in addition to other states does not mean that the attorney is a "citizen" of another state for purposes of diversity jurisdiction.  Further, that an attorney who is domiciled in New York works for a law firm with offices in states other than New York also does not invalidate that attorney's New York State domicile for purposes of diversity jurisdiction.  Finally, if Dr. Sereloudi does not live in New York State and is not

domiciled in New York State (it is noted that the fact that she is not a citizen of the United States is irrelevant if she is domiciled in New York State), her non-New York State citizenship is not enough to demonstrate complete diversity jurisdiction. As was explained to plaintiffs in the Report-Recommendation and Decision & Order, and reiterated in the District Judge's Decision & Order, dkt. no. 10 at 6, to establish diversity jurisdiction, there must be <u>complete</u> diversity jurisdiction, i.e., none of defendants may be citizens of the same state as plaintiffs. Thus, if any of the defendants are citizens or domiciliaries of New York state, the same state of which plaintiffs reside and are domiciled, there is no diversity jurisdiction. Although plaintiffs now allege that the damages she seeks for her alleged brain injury "exceeds [$]75[,]000.00," dkt. no. 13 at 11, as they have failed to establish complete diversity jurisdiction, the complaint cannot proceed on the basis of diversity jurisdiction.

      Plaintiffs admonish the Court to "not cite Jurisdiction diversity against us but in a way to assist us. Law states in addition to challenge Rule 24 allows the Court to intervene in this situation." Dkt. No. 13 at 11. "A lack of subject Matter jurisdiction cannot be waived." <u>Nationstar Mortgage LLC v. Mohr</u>, 3:16-CV-977 (LEK/DEP), 2017 WL 137888, at *1 (N.D.N.Y. Apr. 13, 2017).[4] It is a "fundamental predicate to judgment in the federal courts." <u>Id.</u> Plaintiffs' purported amended complaint fails to cure the defects in the original complaint as it again fails to establish subject matter jurisdiction through either federal jurisdiction or complete diversity jurisdiction.

      Plaintiffs also appear to renew their request for appointment of pro bono counsel, which the Court denied in its November 17, 2021, Decision & Order, arguing that they

---

[4] The Court has provided plaintiffs with a copy of this unpublished decision.

"do not have to be a criminal and to be honest Criminals are allowed more rights to legal representation than victims of crimes," contending that they "request my right to an attorney." Dkt. No. 13 at 2-3. As the undersigned again recommends that the Court dismiss the purported amended complaint, it denies the motion to appoint counsel as moot.

## IV.  Conclusion

WHEREFORE, for the reasons set forth herein, it is hereby

**RECOMMENDED**, that plaintiffs' submission, dkt. no. 13, to the extent it can be considered an amended complaint, be **DISMISSED without prejudice** for failure to establish this Court's subject matter jurisdiction, and **without opportunity to amend** as plaintiffs failed to cure the defects in the original complaint; and it is

**ORDERED**, that plaintiffs' renewed motion for appointment of counsel, dkt. no. 13, is **DISMISSED AS MOOT**; and it is further

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiffs in accordance with the Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  See Roldan v. Racette, 984

F.2d 85, 89 (2d Cir. 1993) (citing <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989)); <u>see</u> <u>also</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).[5]

Dated: March 23, 2022
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[5] If you are proceeding <u>pro se</u> and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. <u>Id.</u> § 6(a)(1)(c).