UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PAMELA DELAP & RONALD DELAP,

                        Plaintiffs,

    -against-                                         1:21-CV-0847 (LEK/CFH)

JUDGE MICHAEL MACKEY, *et al.*,

                        Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiffs Pamela and Ronald Delap bring this pro se action against Defendants Judge Michael Mackey; Judge Gerald Connolly; Judge Justin Corcoran; Judge Eugene Devine; Jordan Bine; David Cabaniss; Zachary Mattison; Michael Serseloudi, DDS; Aspen Dental Management, Inc.; Aspen Dental of Upper Hudson Valley; and Caitlin Insurance Company (collectively, "Defendants"). Dkt. No. 1 ("Complaint"). On July 28, 2021, Plaintiffs filed their Complaint, a motion for leave to proceed in forma pauperis ("IFP"), Dkt. No. 2 ("IFP Application"), and a motion to appoint counsel, Dkt. No. 3. On September 15, 2021, the Honorable Christian F. Hummel, United States Magistrate Judge, granted the IFP Application, denied the motion to appoint counsel, and recommended that Plaintiffs' Complaint be dismissed with prejudice and without opportunity to amend. Dkt. No. 6. This Court approved and adopted Judge Hummel's September 2021 Report-Recommendation with the modification that Plaintiffs be given a chance to amend the Complaint to establish subject matter jurisdiction. Dkt. No. 10 ("November 2021 Order").

On January 3, 2022, Plaintiffs filed an amended complaint, Dkt. No. 13 ("Amended Complaint"), which included a motion to appoint counsel. On March 23, 2022, Judge Hummel issued another Report-Recommendation, Dkt. No. 14 ("Report-Recommendation"), recommending that the Court dismiss the Amended Complaint without opportunity to amend for failure to establish this Court's subject matter jurisdiction; Judge Hummel also denied Plaintiffs' request for an appointment of counsel as moot. Id. at 12. Plaintiffs have filed objections to the Report-Recommendation. Dkt. No. 17 ("Objections"). For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

## II. BACKGROUND

### A. Factual History

Plaintiffs' factual allegations are detailed in Judge Hummel's Report-Recommendation, familiarity with which is assumed. See R. & R. at 4–7.

### B. Report-Recommendation

In the Report-Recommendation, Judge Hummel recommended that Plaintiffs' Amended Complaint be dismissed because Plaintiffs failed to establish the Court's subject matter jurisdiction over this action. R. & R. at 12. Judge Hummel found that Plaintiffs' Amended Complaint did not raise claims that would confer federal question jurisdiction, id. at 9, and he also found that complete diversity between the parties was absent. Id. at 11. Additionally, Judge Hummel denied Plaintiffs' motion for appointed counsel as moot. See id.

## III. STANDARD OF REVIEW

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the court." 28 U.S.C. § 636(b)(1)(C); see also L.R.

72.1. If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). De novo review "does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 191 F. Supp. 2d 404, 406 (S.D.N.Y. 2002).

However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need only review that aspect of a report-recommendation for clear error. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."); New York City Dist. Couns. of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." (quoting Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009))). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Federal Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. See Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.")

(internal quotation marks omitted)). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### IV.    DISCUSSION

Objections were timely filed with respect to the Report-Recommendation. See Docket. For purposes of review of the Report-Recommendation and in light of Plaintiffs' pro se status, the Court will undertake a de novo determination to the portion of the Report-Recommendation to which Plaintiffs object.

Plaintiffs contend that Judge Hummel failed to consider their arguments alleging fraud. Obj. at 8–10. Indeed, Plaintiffs emphasize that "[f]raud is the heart of the complaint." Id. at 12. Plaintiffs also argue that their claim alleging fraud is properly in federal court because "Mackey did not commit fraud alone he conspired with the others and this is a federal crime and requires federal prosecution by jurors." Id. at 14.

The Court begins by observing—as Judge Hummel did—that it "must determine whether it has subject matter jurisdiction before proceeding to evaluate the merits of a plaintiff's cause of action." Borenkoff v. Buffalo Wild Wings, Inc., No. 16-CV-8532, 2018 WL 502680, at *2 (S.D.N.Y. Jan. 19, 2018) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–102 (1998)). "It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (citing Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)) (quotations omitted). Consequently, in general, federal courts have subject matter jurisdiction only if a

complaint raises a federal question, see 28 U.S.C. § 1331, or if the parties have diverse citizenship and the amount in controversy exceeds $75,000 dollars. See 28 U.S.C. § 1332.

**A. Subject Matter Jurisdiction**

*1. Federal Question Jurisdiction*

Although the Court must construe pro se Plaintiffs' Amended Complaint liberally, see Triestman v. Fed. Bureau of Prisons, 470 F.2d 471, 474, (2d Cir. 2006), Plaintiffs do not cite any federal law save for passing references to 18 U.S.C. § 241, the criminal statute governing conspiracy against rights. Am. Compl. at 14–15.

"Courts have found that there is no federal question jurisdiction when a private party brings federal criminal claims for which there is no private right of action." Cain v. U.S. Bank, Nat'l Ass'n, No. 20-CV-5034, 2021 WL 3884196, at *3 (E.D.N.Y. Aug. 31, 2021). Similarly, with respect to the crimes enumerated in Title 18 of the United States Code, courts in this Circuit have found that no private right of action exists. See Limtung v. Thomas, No. 19-CV-3646, 2019 WL 6253815, at *3 (E.D.N.Y. Nov. 21, 2019) ("Title 18 of the United States Code encompasses laws on crimes and criminal procedure, and there is no private right of action for violations of a criminal statute. Accordingly, the Court does not appear to have federal question jurisdiction over this action." (internal citations and quotations omitted)). As a result, this Court lacks federal question jurisdiction because Plaintiffs reference only Title 18 of the United States Code as the basis for federal question jurisdiction. See generally Am. Compl.

*2. Diversity Jurisdiction*

As the Second Circuit has stated: "Section 1332 requires 'complete diversity,' meaning that 'all plaintiffs must be citizens of states diverse from those of all defendants.'" Tagger v.

Strauss Grp. Ltd., 951 F.3d 124, 126 (2d Cir. 2020) (quoting Pa. Pub. Sch. Emps.' Retirement Sys. v. Morgan Stanley & Co., Inc., 772 F.3d 111,118 (2d Cir. 2014)).

Plaintiffs argue that they "have not failed on . . . diversity jurisdiction, or any other" because "Defendants caused duress." Obj. at 15. The Court disagrees. As the Court stated in the November Order, the Court remains "[un]convinced that 'complete' diversity is present in this case because Plaintiffs are citizens of New York, and they are suing New York State judges and corporations who likely maintain New York as a place of business (e.g., Aspen Dental of Upper Hudson Valley)." November Order at 6. "[A] corporation is a citizen of any state in which it is incorporated, as well as the state where it maintains its principal place of business." Gaffney ex rel. Molloy v. Animas Corp., No. 13-CV-1359, 2014 WL 2106258, at *1 (N.D.N.Y. May 20, 2014) (Kahn, J.). As the Court explained in the November Order, November Order at 6, it appears most likely that Aspen Dental's principal place of business or "nerve center" is its East Syracuse address. See New York Department of State, Division of Corporation and Business Entity Database, https://apps.dos.ny.gov/publicInquiry/EntityDisplay (last visited Feb. 13, 2023); Cf. Hertz Corp. v. Friend, 559 U.S. 77, 97 (2010) ("[T]he Courts should . . . take as the nerve center the place of actual direction, control, and coordination . . . ."). Accordingly, because Aspen Dental Management appears to be a citizen of New York for jurisdictional purposes, complete diversity is absent given that Plaintiffs are also citizens of New York. See Lehman v. Discovery Communications, Inc., 317 F. Supp. 2d 342, 347 (E.D.N.Y. 2002) ("For a district court to have diversity jurisdiction, there must be complete diversity of citizenship, which means that no plaintiff is a citizen of the same state as any defendant.") (internal citations omitted). Therefore, the Court need not analyze whether the other Defendants are New York citizens; complete diversity is absent, and the Court must dismiss this action.

The Court reviews for clear error the other portions of the Report-Recommendation to which neither party filed objections. The Court finds no clear error. Therefore, the Court adopts the remaining portions of the Report-Recommendation in their entirety.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 14) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that Plaintiffs' Amended Complaint (Dkt. No. 13) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    February 13, 2023
          Albany, New York

LAWRENCE E. KAHN
United States District Judge